STATE OF NORTH CAROLINA v. SAM COE CAMPBELL

No. 8518SC1069

(Filed 18 February 1986)

**Courts § 3; Gambling § 2— motion to destroy slot machine—no underlying pending action—no jurisdiction of court**

  The superior court was without jurisdiction to hear a motion for destruction of an illegal slot machine where there was no underlying pending action. N.C.G.S. 14-298.

APPEAL by defendant from *Davis, Judge.* Order directing destruction of seized property entered 14 June 1985 in Superior Court, GUILFORD County. Heard in the Court of Appeals 5 February 1986.

The pertinent portions of the record before us contain the following:

1) A warrant for the arrest of Sam Coe Campbell for unlawfully and willfully operating a game of chance in violation of G.S. 14-292;

2) A warrant for the arrest of Sam Coe Campbell for unlawfully and willfully allowing gambling on a premises licensed for

State v. Campbell

the sale and consumption of alcoholic beverages in violation of G.S. 18B-1005;

3) A warrant for the arrest of Sam Coe Campbell for unlawfully and willfully keeping a slot machine in violation of G.S. 14-295;

4) "State's Brief in Support of Motion";

5) "Verbatim Transcript of the Proceedings Herein"; and

6) An order of the judge of the superior court providing in pertinent part:

a) That defendant possessed one "Hi Lo Double-Up Joker Poker Machine";

b) That the High Point Police Department seized the machine contending that it is an illegal slot machine within the meaning of G.S. 14-306;

c) That the District Attorney made a motion for an order of destruction of the machine pursuant to G.S. 14-298;

d) That the machine "contains" the elements of consideration, chance and reward set out in G.S. 14-306; and

e) That the machine be destroyed by the High Point Police Department.

From the order ordering the destruction of the machine, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Barbara P. Riley, for the State.*

*Morgan, Post, Herring, Morgan & Green, by James F. Morgan and David K. Rosenblutt, for defendant, appellant.*

HEDRICK, Chief Judge.

Although the question is not raised by either party, we must first consider whether the superior court had jurisdiction to enter the order appealed from.

G.S. 14-298 provides:

All sheriffs and officers of police are hereby authorized and directed, on information made to them on oath that any gaming table prohibited to be used by G.S. 14-289 through 14-300, or any illegal punchboard or illegal slot machine is in the possession or use of any person within the limits of their jurisdiction, to destroy the same by every means in their power; and they shall call to their aid all the good citizens of the county, if necessary, to effect its destruction.

Apparently, the equipment in question was seized by the High Point Police at the time of the service of three arrest warrants for Sam Coe Campbell, the possessor of the premises. Apparently, the defendant charged in the warrants has never been brought to trial in the district court. There appears to be no proceeding in the superior court regarding the equipment in question. While we do not have in the record before us the motion granted, we do have an indication that a motion was filed resulting in the order appealed from.

G.S. 14-298 provides no procedure for the enforcement of the statute. The case relied upon by the State, *McCormick v. Proctor*, 217 N.C. 23, 6 S.E. 2d 870 (1940), is clearly distinguishable procedurally. In *McCormick*, the plaintiff whose property was about to be destroyed filed a proceeding to enjoin the Pitt County Sheriff and the Greenville Chief of Police from destroying his property. Our Supreme Court held that the superior court had jurisdiction to determine whether an injunction should issue. In the present case the district attorney has merely filed a motion for an order directing the police to destroy the equipment seized.

Motions must be filed in a pending action. The record before us indicates that the misdemeanor charges against defendant were not properly before the superior court. No separate action under G.S. 14-298 was instituted in the superior court. Thus, the motion for an order directing destruction of the equipment was made without an underlying pending action. The superior court was without jurisdiction to hear the motion. An order issued without jurisdiction must be vacated. The order appealed from is therefore vacated.

Vacated.

Judges WEBB and PARKER concur.